**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



Dated: 04:13 PM September 21, 2016

Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| RALPH D. PARSONS, JR. | ) | CASE NO. 16-60059 |
| AND SHERRY C. PARSONS, | ) | |
| | ) | JUDGE RUSS KENDIG |
| Debtors. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |

Two motions are before the court. The first is a motion for relief from stay filed by The Citizens Banking Company nka Civista Bank ("Civista"). It seeks relief on two properties, a commercial property at 22 Summit Street, Shelby, Ohio ("Summit") and Debtors' residence at 335 Plymouth St., Plymouth Ohio ("Plymouth"). Debtors do not oppose relief on Summit but do oppose relief on Plymouth.[1]

In the second motion, Debtors moved to avoid the first mortgage lien held by Wilmington Finance, Inc./Caliber Homes Loans ("Caliber"). As the result of a prepetition foreclosure judgment, Debtors contend that Caliber no longer has first priority position and, as second in priority, no equity exists to protect its lien. The Bank of New York Mellon ("BONY") as Trustee for CIT Loan Trust 2007-1, the purported first mortgagee, opposed the motion, arguing it retains its first mortgage lien position in spite of the state court judgment. The court held a hearing on August 24, 2016 and took the lien avoidance issue under advisement.

---

1 The court orally granted relief on Summit at the August 24, 2016 hearing and is waiting for an order.

The court has subject matter jurisdiction of this case under 28 U.S.C. §§ 1334 and 157. It is a core matter and the court has authority to make final entries. Venue in this district is appropriate under 11 U.S.C. § 1409.

This opinion is not intended for publication.

## FACTS[2]

*The first mortgage*[3]

In September 2006, Debtors granted Wilmington Finance, Inc. ("Wilmington") a first mortgage on 335 Plymouth St., Plymouth, Ohio to secure a $144,000 note. Mortgage Electronic Registration Systems, Inc. ("MERS") was Wilmington's nominee. The mortgage was recorded on September 20, 2006 in Richland County, Ohio. Subsequently, two allonges to the note were executed but neither is dated. One is payable to the order of CIT Group/Consumer Finance, Inc., without recourse against Wilmington Finance, Inc. The other is a blank endorsement, authorized by The CIT Group/Consumer Finance, Inc. An assignment of the mortgage, recorded in Richland County on May 25, 2016, transferred the mortgage from MERS to BONY. On June 13, 2016, BONY filed proof of claim 14-2 for $136,572.88 for the first mortgage loan. Account statements attached to the claim indicate Caliber was, at a minimum, servicing the first mortgage loan.

*The second mortgage*

Debtors also entered into two loan agreements with Civista. In 2007, they granted Civista a mortgage on Plymouth to secure a $120,000.00 note. This placed Civista behind BONY in priority on Plymouth. Civista held the first lien position on Summit. Civista filed claim number seven (#7) for $173,232.71 on April 7, 2016.

*Foreclosure and bankruptcy*

In 2014, the Richland County Treasurer commenced a foreclosure action. On November 17, 2015, the court granted a judgment decree in foreclosure. It found defendants Investaid Corporation[4] and MERS, the first mortgagee, in default, and declared them to "have no interest in the premises and . . . forever barred from asserting any interest in the premises." (Am. Motion to Avoid Lien, Ex. C, p. 2, ECF No. 44) It granted judgment to the second mortgage holder, Civista, "in the amount of $123,456.28, plus interest at the rate of 7.5% per annum from December 30, 2014" on count one and found on count two that "the Mortgage of Civista is a valid and subsisting first and best lien upon the premises . . . after the lien of the County

---

2 Since relief against Summit is not at issue, the facts will primarily address Plymouth.
3 BONY will be used to refer to the first mortgagee.
4 According to Debtors' Schedule D, Investaid holds a mortgage that has been paid in full but which has not been released by a filing with the county recorder.

Treasurer."

Debtors filed a joint chapter 13 case on January 18, 2016, before a foreclosure sale occurred. The chapter 13 appraiser valued Plymouth at $90,000.00. Relying on the state court foreclosure judgment, 11 U.S.C. §§ 506(a), (3) and 1325(a)(5), Debtors seek to avoid the first mortgage in its entirety and treat the claim as unsecured. Civista seeks relief from the automatic stay to continue the state court foreclosure action.

**DISCUSSION**

Debtors argue that the state court foreclosure judgment stripped the first mortgage holder of its position, elevating Civista to first in priority, leaving BONY in second position with no equity to secure its lien. BONY contends the state court judgment is not preclusive under collateral estoppel principles. Debtors and Civista argue the Rooker-Feldman doctrine protects the state court judgment from review.

I. **Rooker-Feldman doctrine**

At the hearing, Debtors and Civista cursorily raised the Rooker-Feldman doctrine as a bar to this court's review of the state court foreclosure judgment. The Sixth Circuit explained the purpose of Rooker-Feldman is "to prevent 'a party losing in state court . . . from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" Hood v. Keller, 341 F.3d 593 (6th Cir. 2003) (quoting Tropf v. Fid. Nat'l Title Ins. Co., 289 F.3d 929, 936-37 (quoting Johnson v. DeGrandy, 512 U.S. 997, 1005-06 (1994)). Since that appellate power is reserved exclusively to the Supreme Court, a lower federal court lacks jurisdiction to exercise the same power. Durham v. Haslam, 528 Fed.App'x 559, 563 (6th Cir. 2013) (citations omitted). The difficulty is determining when the doctrine applies because if an independent federal claim is at issue, Rooker-Feldman does not prevent the court from obtaining jurisdiction. According to the Sixth Circuit, the question turns on whether the state court judgment is the source of the injury underlying the federal claim. McCormick v. Braverman, 451 F.3d 382 (6th Cir. 2006).

Debtors filed a bankruptcy case and brought a motion to avoid a lien, clearly asserting an independent right under federal law within the jurisdiction of this court. They are not seeking review of the state court judgment but are relying on it to pursue their "claim," avoidance of the first mortgage lien based on the priority determination made by the state court. Civista also wants this court to uphold the foreclosure judgment, which improved its lien position. Neither of these stances places the court in the position to act in appellate review of the state court judgment, thereby crossing the Rooker-Feldman line.

BONY is the entity that "lost" in state court and could benefit from review of the state court judgment. It was injured when the state court placed Civista in the first priority position, leaving BONY in the cold from an equity standpoint. But BONY never advanced an argument

3

that impinges the Rooker-Feldman doctrine. BONY argues that the state court judgment is not entitled to automatically determine the lien priority issue under collateral estoppel principles because the lien priority issue was not actually litigated. This does not offend the court's jurisdiction over the motion to avoid lien because it takes the judgment as it is and does not force this court to reject the judgment as wrongly decided.

BONY does not need a finding by this court that counters the lien priority set forth in the state court judgment in order to frustrate Debtors' purpose. It merely needs a finding that the state court judgment is not entitled to issue preclusive effect. Bankruptcy courts routinely fail to provide collateral estoppel effect to default judgments in fraud actions when those judgments are used in dischargeability litigation. PRN Funding LLC v. Cole (In re Cole), 2015 WL 6122078 (Bankr. N.D. Ohio 2015); Duley v. Thompson (In re Thompson), 528 B.R. 721 (Bankr. S.D. Ohio 2015); Tillimon v. Mack (In re Mack), 2013 WL 3822075 (Bankr. N.D. Ohio 2013) (unpublished); Yust v. Henkel (In re Henkel), 490 B.R. 759 (Bankr. S.D. Ohio 2013); Word v. Bailey (In re Bailey), 203 B.R. 640 (Bankr. S.D. Ohio 1996); Hall v. Mady (In re Mady), 159 B.R. 487 (Bankr. N.D. Ohio 1993); Nationwide Mutual Fire Ins. Co. v. Hale (In re Hale), 155 B.R. 730 (Bankr. S.D. Ohio 1993); Day v. Moran (In re Moran), 72 B.R. 1013 (Bankr. N.D. Ohio 1987). Consequently, the court finds Rooker-Feldman does not bar exercise of its jurisdiction over the motion to avoid lien.

## II.     Collateral Estoppel

Collateral estoppel, or issue preclusion, "refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided." Corzin v. Fordu (In re Fordu), 201 F.3d 693, 703 (6th Cir. 1999) (quoting Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 77, n. 1 (1984) (citations omitted)). With claim preclusion, the two doctrines operate to uphold the past determinations of issues and claims by courts, thereby preserving resources, promoting judicial economy, and reducing the possibility of inconsistent decisions. Montana v. U.S., 440 U.S. 147 (1979).

Under 28 U.S.C. § 1738, this court is required to afford a decision of a state court full faith and credit. To do so, the court determines the preclusive effect of the decision under state law and applies it accordingly. Fordu, 201 F.3d 693, 703 (citing Marrese v. Am. Acad. of Orthopaedic Surgeons, 470 U.S. 373, 384 (1985)). The court must look to Ohio law to determine the preclusive effect a state court would provide the foreclosure judgment.

> To assert collateral estoppel under Ohio law, a party must plead and prove the following: (1) the party against whom collateral estoppel is sought was a party-or in privity with a party-in the previous action; (2) there was a final judgment on the merits in the previous action after a full and fair opportunity to litigate the issue; (3) the issue was actually and directly litigated in the previous action and was necessary to the final judgment; and (4) the issue in the present action is identical to the issue involved in the

4

previous action. Sill v. Sweeney (In re Sweeney), 276 B.R. 186,
189 (6th Cir. BAP 2002) (citations omitted).

Sanderson Farms, Inc. v. Gasbarro, 299 Fed.App'x 499, 505 (6th Cir. 2008) (unpublished).

To satisfy the first element, BONY must have been a party or in privity with a party in the foreclosure case. Although the transfer history has many gaps, the court is satisfied that BONY succeeded to the first mortgage position and therefore was in privity to a party in the foreclosure suit. MERS was the nominee to the original mortgage holder, was a named entity in the foreclosure judgment, and assigned its mortgage interest to BONY on May 25, 2016. The first requirement for collateral estoppel is met.

The next element is also satisfied. The foreclosure judgment is a final judgment that "addresses the rights of all lienholders and the responsibilities of the mortgagor" and "determines that damages have occurred and sets forth the parties' rights and liabilities as they are related to those damages." Citimortgage, Inc. v. Roznowski, 139 Ohio St.3d 299, 305-06 (2014). When the judgment orders the sale, marshals liens, determines lien priority, and sets forth amounts due to claimants, it is deemed final and appealable. Second Nat'l Bank of Warren v. Walling, 2002 WL 1746496, * 2 (Ohio App. 7th July 23, 2002) (citations omitted). The state court was of competent jurisdiction and parties were offered the opportunity to litigate, satisfying the second requirement.

The third requirement raises the most difficult question, whether lien priority was actually litigated. Several bankruptcy courts considered the impact of a foreclosure judgment obtained by default in a subsequent bankruptcy case, resulting in two lines of authority. Two courts, In re Monas, 309 B.R. 302 (Bankr. N.D. Ohio 2004), and In re Mullins, 449 B.R. 299 (Bankr. S.D. Ohio 2011), found the elements of collateral estoppel are met, preventing relitigation of a pre-sale foreclosure judgment in the bankruptcy court. Neither case contains any in-depth examination of the "actually litigated" requirement of collateral estoppel. The other line of authority, which does examine this prong, reaches a contrary conclusion, finding that when a judgment is entered simply based on a party's default, there is no actual and direct litigation of issues, thereby preventing application of collateral estoppel to the judgment. Strodtbeck v. Radke (In re Strodtbeck), 2012 WL 3916483 (Bankr. N.D. Ohio 2012); Smith, 510 B.R. 164. This is consistent with the application of issue preclusion principles in other areas in bankruptcy courts. As stated above, courts routinely hold that default judgments in fraud cases do not bar further consideration in dischargeability litigation. PRN Funding LLC v. Cole (In re Cole), 2015 WL 6122078 (Bankr. N.D. Ohio 2015); Duley v. Thompson (In re Thompson), 528 B.R. 721 (Bankr. S.D. Ohio 2015); Tillimon v. Mack (In re Mack), 2013 WL 3822075 (Bankr. N.D. Ohio 2013) (unpublished); Yust v. Henkel (In re Henkel), 490 B.R. 759 (Bankr. S.D. Ohio 2013); Word v. Bailey (In re Bailey), 203 B.R. 640 (Bankr. S.D. Ohio 1996); Hall v. Mady (In re Mady), 159 B.R. 487 (Bankr. N.D. Ohio 1993); Nationwide Mutual Fire Ins. Co. v. Hale (In re Hale), 155 B.R. 730 (Bankr. S.D. Ohio 1993); Day v. Moran (In re Moran), 72 B.R. 1013 (Bankr. N.D. Ohio 1987).

Although the question of whether a default judgment can be used to preclude relitigation of an issue is an open question in Ohio, Sill v. Sweeney (In re Sweeney), 276 B.R. 186, 192, this court has found a true default does not meet the "actual and direct" litigation requirement. Cole, 2015 WL 6122078; Spirit SPE Portfolio 2007-1 LLC v. Paxos (In re Paxos), 2014 WL 1089812 (Bankr. N.D. Ohio 2014). To bar future litigation, a judgment must be based on more than bare allegations or the default of a party; some participation or involvement must be evident. Id. The court therefore joins the Strodtbeck and Smith courts in finding that when a foreclosure decree is issued by default against a party, the issues have not been actually or directly litigated, defeating application of collateral estoppel. As a result, Debtors' motion to avoid the BONY lien is not well-taken and will be denied.

### III. Motion for Relief from Stay

Civista moved for relief from stay under 11 U.S.C. § 362(d) in order to proceed with the Plymouth foreclosure. In the motion, it contends that Debtors are not making postpetition payments, have failed to pay real estate taxes and lack equity in the property. Under § 362(d)(1), the court can grant relief from the stay for "cause." This generally requires review of the equities and facts on a case-by-case basis. Americredit Fin. Serv., Inc. v. Nichols (In re Nichols), 440 F.3d 850 (6th Cir. 2006); In re Shultz, 325 B.R. 197 (Bankr. N.D. Ohio).

Debtors' initial chapter 13 plan provided for payment of the BONY first mortgage and proposed to strip the Civista lien. Consequently, Civista was not scheduled to receive either adequate protection or regular monthly payments. If the plan was confirmed and the lien avoided, Civista was to share in the unsecured creditor dividend. Since that original plan, Debtors have filed a motion to avoid the BONY first mortgage. If successful, then Civista will step into the first position and be entitled to payments under the amended plan. The amended plan states that Debtors are escrowing mortgage payments with counsel until lien priority is determined and will pay whoever becomes entitled to the funds. In light of this, it is not clear that there is a postpetition default, nor is it clear that Civista is presently entitled to any funds. Civista also failed to show that there are delinquent real estate taxes. The Richland County Treasurer did not file a claim and Debtors made no provision for taxes in the plan. The court finds no cause to grant Civista relief from stay at this time.

As other grounds for relief from the automatic stay, Civista also claimed that the property was not necessary for Debtors' successful reorganization. This language tracks 11 U.S.C. § 362(d)(2), which allows relief when there is no equity in the property and it is not necessary for an effective reorganization. Debtors' home is clearly necessary for an effective reorganization. Relief is therefore not appropriate under § 362(d)(2). The motion for relief from stay will be denied.

### CONCLUSION

In a prepetition foreclosure action, the state court issued a foreclosure decree finding the first mortgagee had no right or interest in the subject premises following its default. Debtors'

6

attempt to use that judgment against the first mortgage holder in their subsequent bankruptcy lien avoidance action is untenable. Although Rooker-Feldman does not prevent Debtors' lien avoidance action, there is no issue preclusion because the lien priority issues were not actually and directly litigated in the state court foreclosure proceeding. Consequently, Debtors' amended motion to avoid the judgment lien fails.

Civista did not establish cause for relief because it is not clear who is entitled to the payments that are being escrowed. Additionally, Debtors' house is necessary for their effective reorganization. Civista's motion for relief from stay against Plymouth is not well-taken and is denied.

An order denying the amended motion to avoid the lien and the motion for relief from stay against Plymouth will be issued immediately.

# # #

**Service List:**

Rebecca K Hockenberry
Hockenberry Law Office LLC
PO Box 1014
Ashland OH 44805

Jeffrey B Sams.
Law Office of Jeffrey B Sams LLC
10400 Blacklick Eastern Rd Suite 140
Pickerington OH  43147

Milos Gvozdenovic
Weltman Weinberg & Reis Co LPA
965 Keynote Circle
Brooklyn Heights OH  44131

C Richard Thompson
371 Lexington Avenue
Mansfield OH 44907

Toby L Rosen, Trustee
400 W Tuscarawas St
Citizens Bank Bldg, 4th Floor
Canton, OH 44702